# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MURTAZA ALI, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 10-CV-437-GKF-TLW ) |
| GREG PROVINCE, Warden, | ) ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2241 habeas corpus action. Petitioner is a state inmate and appears *pro se*. In response to the petition, Respondent filed a motion to dismiss (Dkt. # 9). Petitioner filed a response (Dkt. # 12). Petitioner also provided supplemental authority supporting his response (Dkt. # 14). For the reasons discussed below, the Court finds that Petitioner's habeas corpus petition fails to allege deprivation of a constitutionally protected liberty interest. Furthermore, even if the petition stated a constitutional violation, the single issue raised in the petition is time-barred. Therefore, the motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed.

## *BACKGROUND*

In his petition, Petitioner states that he is attacking "Department of Corrections Disciplinary Convictions" and avers that "sanctions were applied without due process, I was left without an ability to appeal." See Dkt. # 1. The focus of the petition is Petitioner's misconduct for Possession of Contraband, referred to by Respondent as "MR # 4." The record provided by Respondent reflects that the misconduct charge of Possession of Contraband was one of four misconducts received by

Petitioner on November 24, 2005, while he was incarcerated at Mack Alford Correctional Center.[1]
See Dkt. # 9, Ex. 9. Petitioner was found guilty of Possession of Contraband at the disciplinary hearing conducted December 8, 2005. See id. As punishment, prison officials sought to impose 30 days in disciplinary segregation, loss of 365 days earned credits, and restriction to Classification Level 1 for 90 days. Id. On January 4, 2006, the misconduct was remanded for rehearing following appellate review by the director designee. See Dkt. # 9, Ex. 10. A second disciplinary hearing was held on March 20, 2006, and Petitioner was again found guilty. See Dkt. # 9, Ex. 11. On April 26, 2006, the facility head again ordered rehearing. See Dkt. # 9, Ex. 12. A third hearing was held on July 6, 2006, and Petitioner was again found guilty. See Dkt. # 9, Ex. 13. However, on August 14, 2006, the rehearing paperwork was stolen from the desk of the senior case manager. Id. Petitioner did not file an administrative appeal from the misconduct finding entered on the July 6, 2006, allegedly because he was not "provided sanctions" and, as a result, he was "never given opportunity to appeal this re-hearing." See Dkt. # 1. The misconduct of Possession of Contraband was part of Petitioner's judicial challenge filed in Oklahoma County District Court, Case No. WH-2008-2, and appealed to the OCCA, Case No. REC-2008-410. See Dkt. # 9, Exs. 19, 20, 21, and 22. The OCCA's order denying relief (Dkt. # 9, Ex. 22) was filed August 22, 2008.

Petitioner filed the instant 28 U.S.C. § 2241 petition for writ of habeas corpus on July 7, 2010. He identifies a single issue as follows: "seeking review of the Court of Appeals order denying relief as contrary to law and Department of Corrections procedures because I cannot appeal without process." See Dkt. # 1. Petitioner argues that his misconduct for Possession of Contraband

---

[1] The other three misconducts issued as a result of the November 24, 2005, incident were for Battery, Individual Disruptive Behavior, and Disobedience to Orders. See Dkt. # 9, Exs. 3, 5, and 7.

2

allegedly provided justification for an assault of Petitioner by Detention Officer Matthew Hampton, the event giving rise to a civil rights lawsuit filed in this Court, N.D. Okla. Case No. 07-CV-059-TCK-TLW. Id. That case is presently pending on appeal at the Tenth Circuit Court of Appeals, Case No. 09-5151. Id. Petitioner seeks to set aside the misconduct to prove that his "punishments were applied illegally to justify Defendant Hampton's racist actions and cover-up the 'Hampton beatings.'" Id. In response to the petition, Respondent filed a motion to dismiss (Dkt. # 9), requesting that the petition be dismissed for failure to state a claim or as time barred.

## *ANALYSIS*

**A. Petition fails to identify deprivation of a protected liberty interest**

Upon review of the record, the Court finds Petitioner fails to identify a protected liberty interest, and, as a result, the petition fails to state a claim for deprivation of due process. The Supreme Court long ago held that the "requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." Board of Regents v. Roth, 408 U.S. 564, 569 (1972). In the prison setting, the Supreme Court has held that while "States may under certain circumstances create liberty interests which are protected by the Due Process Clause.... [T]hese interests will be generally limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483-84 (1995).

In this case, Petitioner's challenge to his disciplinary conviction fails to implicate a protected liberty interest. As a result of his disciplinary conviction for Possession of Contraband, he received 30 days of segregation and placement at Classification Level 1 for 90 days. See Dkt. # 9, Ex. 9. In addition, each of the four misconducts issued as a result of the November 24, 2005, incident

involving Detention Officer Hampton, including the misconduct for Possession of Contraband, lists revocation of earned credits as part of the punishment imposed. See Dkt. # 9, Exs. 3, 5, 7, and 9. "[A]n inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment." Mitchell v. Maynard, 80 F.3d 1433, 1444 (10th Cir. 1996) (citations omitted). However, the record provided by Respondent reflects that no earned credits were actually revoked as a result of the misconducts because Petitioner "had lost all of his accrued earned credits due to misconduct convictions in July and August 2005, and he had been assigned to earned credit Level 1 (0 credits per month) since June 23, 2005." See Dkt. # 9, Ex. 2. In other words, Petitioner had no previously earned credits to revoke. Therefore, no liberty interest was implicated by the punishment seeking revocation of earned credits.[2]

Further, inmates have no constitutionally protected interest in the opportunity to earn discretionary good time credits and thus have no interest in any particular credit classification level. Fogle v. Pierson, 435 F.3d 1252, 1262 (10th Cir. 2006); Templeman v. Gunter, 16 F.3d 367, 369 (10th Cir. 1994) ("Changing an inmate's prison classification ordinarily does not deprive him of liberty, because he is not entitled to a particular degree of liberty in prison."). For that reason,

---

[2]Had earned credits actually been revoked, then a constitutionally protected liberty interest would have been implicated and Petitioner would have been entitled to due process as set forth in Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985) (providing that in a prison disciplinary proceeding, a prisoner is entitled to (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action; and that the factfinder's conclusions be supported by "some evidence in the record"). Petitioner does not allege that his misconducts were entered in violation of the due process requirements established by the Supreme Court in Hill.

Petitioner's placement at Classification Level 1 does not implicate a protected liberty interest. Finally, a sentence of 30 days in disciplinary segregation does not rise to the level of punishment that would invoke constitutional concern. See Sandin, 515 U.S. at 483-84 (holding thirty days in disciplinary segregation does not rise to the level of punishment invoking the Due Process Clause). Because no liberty interest is implicated in Petitioner's discipline, his habeas claim alleging a deprivation of due process fails.[3]

Petitioner also argues that prison officials violated his due process rights because they failed to comply with internal prison regulations. Specifically, he claims that his third disciplinary hearing for the charge of Possession of Contraband was held after the time for rehearing, as provided by OP-060125(V)(B)(4),[4] had expired. See Dkt. # 1. He also alleges that he was denied an administrative appeal because he was not "provided sanctions." Id. Any due process claim based on prison officials' failure to follow internal policies fails, however, because prison regulations are "primarily designed to guide correctional officials in the administration of a prison. [They are] not designed to confer rights on inmates." Sandin, 515 U.S. at 481-82. Thus, the allegation that prison officials failed to comply with their own guidelines does not provide Petitioner with a due process claim.

---

[3]To the extent Petitioner challenges any of the other misconducts issued on November 24, 2005, his claims fail because he was not deprived of a protected liberty interest.

[4]The Oklahoma Department of Corrections' policy provides that when the director or designee orders rehearing, "the rehearing should be conducted within 30 calendar days from the date of the order unless exceptional circumstances dictate otherwise." See OP-060125(V)(B)(4). Also, when the facility head orders rehearing, the rehearing "should be conducted within 30 calendar days form the date of the order, unless circumstances dictate otherwise." See OP-060125(V)(A)(5).

The petition for writ of habeas corpus does not allege deprivation of a liberty interest. As a result, Petitioner's claim does not implicate a due process violation. Therefore, Respondent's motion to dismiss shall be granted.

**B. Claim raised in the petition is time-barred**

Even if the claim raised in the petition stated a cognizable violation of due process, the claim was filed after expiration of the one-year limitations period applicable to habeas corpus petitions. The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The one-year limitations period provided by § 2244(d)(1) and the tolling provisions of § 2244(d)(2) apply to claims asserted by a state prisoner in a § 2241 petition. Burger v. Scott, 317 F.3d 1133 (10th Cir. 2003).

Petitioner's claim as asserted in the petition (Dkt. # 1) accrued when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). As stated above, Petitioner identifies a single claim in the petition. He asks this Court to "review the Court of Appeals order denying relief as contrary to law and Department of Corrections procedures because I cannot appeal without process." See Dkt. # 1. The OCCA's order challenged by Petitioner was filed August 22, 2008. See Dkt. # 9, Ex. 22. Thus, the one year limitations period applicable to Petitioner's claim challenging the constitutionality of that ruling began to run on August 22, 2008, and he had one year, or until August 22, 2009, to file a timely petition for writ of habeas corpus. The petition in this case was filed July 7, 2010, or more than ten (10) months after the deadline.

The running of the limitations period is tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period. 28 U.S.C. § 2244(d)(2). Nothing in the record suggests Petitioner is entitled to statutory tolling under § 2244(d)(2).

The statute of limitations defined in 28 U.S.C. § 2244(d) is also subject to equitable tolling. Holland v. Florida, --- U.S. ---, 130 S.Ct. 2549, 2560, 2562 (2010); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling applies only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S.Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). A petitioner's burden in making this demonstration is a heavy one: a court will apply

equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

In response to the motion to dismiss (Dkt. # 12), Petitioner does not claim entitlement to equitable tolling. Instead, he claims that his one-year period has not yet begun to run on any claim challenging his Possession of Contraband misconduct because he has been prevented from filing an administrative appeal after having been found guilty at the rehearing held July 6, 2006. The Court disagrees with Petitioner. The specific issue raised in the petition challenges the constitutionality of the OCCA's order filed August 22, 2008. Thus, under 28 U.S.C. § 2244(d)(1)(D), the one-year period began to run on that date. Petitioner waited almost two (2) years to file a habeas petition challenging the ruling. He simply waited too long.

*CONCLUSION*

The petition for writ of habeas corpus fails to allege deprivation of a constitutionally protected liberty interest. In addition, the specific claim raised in the petition is time-barred. Therefore, Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus (Dkt. # 9) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3. A separate judgment shall be entered in this matter.

8

DATED THIS 3rd day of March, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma